UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MARY VENTURA, WILLIAM LITTLEJOHN, and RYAN KADOTA,<br><br>Plaintiffs,<br><br>v.<br><br>PRINCIPAL MANAGEMENT CORPORATION,<br><br>Defendant. | Case No.: 4:15-cv-00481-JEG-CFB<br><br>PLAINTIFFS' STATEMENT PURSUANT TO LOCAL RULE 23 |

Pursuant to Rule 23 of the Local Rules of the United States District Courts for the Northern and Southern Districts of Iowa ("Local Rule 23"), plaintiffs Mary Ventura, William Littlejohn, and Ryan Kadota (collectively, "Plaintiffs") make the following statement:

1.  Plaintiffs are security holders in the LargeCap Growth I Fund, SmallCap Growth I Fund, SmallCap Fund, High Yield Fund, MidCap Fund, and MidCap Value III Fund (collectively, the "Funds"). Plaintiffs bring this action to recover excessive fees for the Funds pursuant to section 36(b) of the Investment Company Act of 1940 as amended 15 U.S.C. §80a-35(b) ("Section 36(b)"). *See* Complaint filed December 30, 2015 (Document 1). Section 36(b) imposes a fiduciary duty upon investment advisers, such as defendant Principal Management Corporation ("Defendant"), with respect to compensation received from mutual funds.

2.  As discussed in the status conference on May 24, 2016, this is not a class action subject to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), nor is it a derivative action subject to FRCP 23.1. Accordingly, there is no requirement that Plaintiffs be deemed "adequate" or "typical" or satisfy the requirement of FRCP 23.1 in order to maintain their claims. *Daily*

*Income Fund v. Fox*, 464 U.S. 523, 542 (1984) (Section 36(b) plaintiff not required to satisfy FRCP 23.1 prerequisites for derivative suits).

3. Indeed, attempts to pursue Section 36(b) claims pursuant to the rules governing FRCP 23.1 derivative actions, *i.e.*, naming the legal entity representing the mutual fund on whose behalf recovery is sought as a nominal defendant, have been squarely rejected. *See Zehrer v. Harbor Capital Advisors, Inc.*, Case No. 14 C 789, 2014 WL 6478054, at *3 (N.D. Ill. Nov. 18, 2014) (dismissing mutual fund, which had been named as nominal defendant, on the grounds that it was an unnecessary party because "§ 36(b)(3) specifically provides, 'No such action shall be brought or maintained against any person other than the recipient of such compensation or payments, and no damages or other relief shall be granted against any person other than the recipient of such compensation or payments.'").

4. All that the statute requires is that the plaintiff own shares in the mutual funds at issue in order to have standing to pursue a Section 36(b) claim. *See* 15 U.S.C. §80a-35(b). Plaintiffs have provided to Defendant the numbers for the investment accounts in which they hold the Funds and have produced account statements reflecting their respective holdings in the Funds.

5. Plaintiffs' claims will be resolved entirely using an objective set of criteria relating to the fees charged to the Funds and the services provided. Plaintiffs will prevail on their claims if they prove that Defendant receives investment advisory fees that are so disproportionately large to the services rendered that they could not have been the subject of arm's-length bargaining. Defendant's obligations as fiduciaries pursuant to Section 36(b) do not depend upon the actions or behavior of Plaintiffs or any other shareholders of the Funds.

6. Based on the foregoing, Plaintiffs do not believe that this Action is subject to the requirements of Local Rule 23. Plaintiffs further note that no certifications pursuant to Local Rule 23 were filed in other actions asserting Section 36(b) claims in the Southern District of Iowa courts. *See Curran v. Principal Mgmt. Corp., et al.*, Case No. 4:09-cv-00433-RP-CFB (S.D. Iowa); *Curran, et al. v. Principal Mgmt. Corp., et al.*, Case No. 4:10-cv-00508-RP-CFB (S.D. Iowa); *Curran, et al. v. Principal Mgmt. Corp., et al.*, Case No. 4:11-cv-00555-RP-CFB (S.D. Iowa); *Curran, et al. v. Principal Mgmt. Corp., et al.*, Case No. 4:12-cv-00513-RP-CFB (S.D. Iowa); *Am. Chems. & Equip., Inc. 401(K) Ret. Plan v. Principal Mgmt. Corp., et al.*, Case No. 4:14-cv-00044-JAJ-HCA (S.D. Iowa); *Am. Chems. & Equip., Inc. 401(K) Ret. Plan v. Principal Mgmt. Corp., et al.*, Case No. 4:14-cv-00335-JAJ-HCA (S.D. Iowa); *Am. Chems. & Equip., Inc. 401(K) Ret. Plan v. Principal Mgmt. Corp., et al.*, Case No. 4:15-cv-00302-JAJ-HCA (S.D. Iowa).

Dated: June 27, 2016

Respectfully submitted,

ROBBINS ARROYO LLP

/s/ Stephen J. Oddo
STEPHEN J. ODDO (admitted *Pro Hac Vice*)
BRIAN J. ROBBINS (admitted *Pro Hac Vice*)
JENNY L. DIXON (admitted *Pro Hac Vice*)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsarroyo.com
soddo@robbinsarroyo.com
jdixon@robbinsarroyo.com

WANDRO & ASSOCIATES, P.C.
STEVEN WANDRO (AT 0008177)
2501 Grand Avenue
Des Moines, IA 50312
Telephone: (515) 281-1475
Facsimile: (515) 281-1474
E-mail: swandro@2501grand.com

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2016, I electronically filed the foregoing Plaintiffs' Statement Pursuant to Local Rule 23 through the Court's CM/ECF system and will be sent electronically to the registered participants identified in the Notice of Electronic Filing (NEF).

/s/ Stephen J. Oddo
STEPHEN J. ODDO (admitted *Pro Hac Vice*)

1108817