IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MARY VENTURA, et al.,<br><br>Plaintiffs,<br>v.<br><br>PRINCIPAL MANAGEMENT CORPORATION,<br><br>Defendant. | CASE NO. 4:15-cv-00481-JEG-CFB<br><br><br>ORDER ON DISCOVERY MOTIONS |

On July 27, 2017, a hearing was held on Plaintiffs' Motion to Reconsider (ECF 63) this Court's Order (ECF 59) of June 29, 2017; Defendant's Motion to Compel (ECF 60) responses to four interrogatories; and Plaintiffs' Motion to Compel Responses to their Third Request for Production of Documents (ECF 52). Appearing for Plaintiffs were Michael J. Nicoud, David W. Uris, and Kara Marie Simons. Appearing for Defendant were Mark B. Blocker, Alex J. Kaplan, Lisa E. Schwartz, and Angel Anna West. Issues relating to discovery and the schedule were discussed, including the scope of Plaintiffs' Fed. R. Civ. P. 30(b)(6) notice.

**1. Plaintiffs' Motion to Reconsider (ECF 63)**

Plaintiffs seek reconsideration of this Court's Order (ECF 59) of June 29, 2017. Specifically, Plaintiffs request that the Court reverse the portion of the Order regarding discovery from or about Jeffrey Keil, a consultant retained by Defendant in 2016. Plaintiffs request that the Court compel Defendant to produce Keil's report(s), his engagement letter, and any Board minutes from Defendant discussing Keil or his recommendations. Plaintiffs also seek to depose Keil. The Court originally denied Plaintiffs' requested discovery from and about Keil because it found it was not proportional to the needs of this case.

Plaintiffs argue that the Court's order was not narrowly tailored, because the Keil discovery is relevant, minimally burdensome, and proportional to the needs of the case. Plaintiffs also argue that Defendant lacked good cause for a protective order covering the Keil discovery. Defendant argues that the Court correctly concluded that the Keil discovery was not proportional to this case, and that Plaintiffs failed to meet the standard for revising a ruling based upon a Motion to Reconsider. Defendant continues to argue that the Keil discovery is neither relevant nor proportional to the litigation.

Pursuant to Federal Rule of Civil Procedure 54(b),

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A court may "'amend any ruling under Rule 54(b) to correct any clearly or manifestly erroneous findings of facts or conclusions of law,' or if a decision 'would work a manifest injustice.'" *American Chemicals & Equipment, Inc. 401(K) Retirement Plan v. Principal Management Corp.*, No. 4:14-cv-00044-JAJ, 2014 WL 12611305, at *1 (S.D. Iowa Dec 2, 2014) (quoting *Jones v. Casey's Gen. Store*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008)). A Motion to Reconsider is an inappropriate vehicle to identify facts or raise legal arguments that could have been, but were not, raised during the consideration of the original motion. *Id.* The Court has reconsidered the ruling relating to discovery from and about Keil.

The scope of discovery requests is governed by Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The Court continues to find that discovery from and about Keil is not discoverable. Although Keil was not employed as an expert for trial in this case, his role as consultant to the ongoing business decisions of Defendant provides him with confidential information, and makes him more than merely a fact witness regarding any changes Defendant has made to the fee structures subsequent to this action being filed. The request to discover his reports and determine his opinions about past fees is not proportional or relevant to the claims and defenses in this case. Both parties have expert witnesses who have formulated opinions based upon the information available. Plaintiffs' requests for discovery from or about Keil is denied.

### 2. Defendant's Motion to Compel (ECF 60)

Defendant seeks an Order compelling Plaintiffs to respond to a set of four interrogatories, which ask Plaintiffs to identify what range of fees, profitability, and economies of scale they would consider to be appropriate. Plaintiffs argue that the interrogatories request expert opinions, and that any responses provided prior to expert discovery could be inaccurate or incomplete.

Defendant is entitled to know the basis of Plaintiffs' case, which encompasses the range of fees, profitability, and economies of scale of the funds at issue. Depending on the ranges that Plaintiffs deem appropriate, this case could be a $10,000 case, or a $10 million case.

Expert opinions may be necessary to establish the exact fees Plaintiffs assert were permissible, but they are not necessary to establish a ballpark range of fees. Based on the range of fees, profitability, and economies of scale Plaintiffs define as appropriate, additional discovery may be required, further pushing back the schedule in this case. Plaintiffs' expert witness disclosures are due October 16, 2017, but it is not necessary for Plaintiffs to wait this long before responding to Defendant's interrogatories. Plaintiffs should have sufficient facts following the 30(b)(6) deposition to provide Defendant with a general range of fees, profitability, and

economies of scale. While the answers to these interrogatories do not have to be precise, and will have to be updated as discovery progresses, at this stage Plaintiffs should have a good-faith basis for their claims, and be able to explain their theory of recovery.

Plaintiffs shall respond to Defendant's interrogatories by September 1, 2017. Plaintiffs must supplement these answers once it has expert reports and as discovery continues.

### 3. Scope of the 30(b)(6) depositions

Prior to the hearing, Plaintiffs submitted to the Court a redline and a partial-redline draft of the proposed Fed. R. Civ. P. 30(b)(6) deposition topics (a clean version of which is appended to this Order as "Attachment A"). The scope of the 30(b)(6) deposition was discussed at the status conference. At the hearing, the Court amended the scope and instructed counsel to continue to meet-and-confer on this issue. The parties have now reported that they were able to come to an agreement as to the scope. The 30(b)(6) deposition was taken August 16, 2017.

### 4. Motion to Compel Plaintiffs' Third Set of Requests for Production (ECF 52)

The Court and the parties discussed Plaintiffs' Third Requests for the Production of Documents. After the hearing, the parties clarified that Plaintiffs seek documents relating to six topics (ECF 70):

1) Keil's report and engagement letter;
2) Board minutes pertaining to Keil or any of Keil's recommendations;
3) The cover memorandum from Defendant to the Board from the 2016 15(c) materials;
4) Tab 8 of the 2016 15(c) materials;
5) Tab 10 of the 2016 15(c) materials; and
6) The "detailed" binders for the at-issue funds from the 2016 15(c) materials.

As discussed above, the Court again finds that the documents relating to Keil, including his report, engagement letter, and the Board minutes pertaining to him or his recommendations, are outside the scope of appropriate discovery in this case. Plaintiffs' requests for items 1 and 2 are denied.

Defendant objects to the requests for production of the 2016 15(c) materials, arguing that the scope of ESI in this case was appropriately limited to the period from 2013 to 2015. Plaintiffs argue that the 2016 15(c) materials are relevant because the damages continue each year, and because the 2016 15(c) materials would show any changes that have occurred in the 15(c) process since the initiation of this action, which supports their argument that the process should have been changed sooner. Plaintiffs further argue that the agreed-upon limitation to the timeframe of 2013 to 2015 applied only to ESI, and is inapplicable to the 2016 15(c) materials, and other document requests or discovery.

This appears to be a request for extensive material, relating to the fees charged in 2016. Defendant does not object on burdensomeness, or because this material is otherwise available from another source, but based upon its contention that information from 2016 is outside the scope of relevant discovery, damages, or is disproportional to the needs of the case. Based upon the record, the Court does not find that any information relating to the fees charged in 2016 is *per se* disproportional to the needs of this case. The Court does question the need for the detailed information sought, as described above. Plaintiffs' request for the discovery of the cover memorandum, Tab 8, and Tab 10 of the 2016 15(c) materials (items 3, 4, and 5) is granted. Getting into the details regarding the fees set several years after the year in which Plaintiffs' claims are based is unwarranted. At this time, Plaintiffs' request for the "detailed" binders (item 6) is denied.

The next Status Conference is set for 10:00 a.m. on August 22, 2017. As the only matters to be discussed related to the pending discovery issues, this conference is cancelled, and is reset for September 19, 2017, at 9:00 a.m., by telephone conference. The parties shall call 1-866-590-

5055, and enter access code 7013731 at the prompt. A joint agenda shall be filed by September 15, 2017.

IT IS SO ORDERED.

Dated this 18th day of August, 2017.

_____
**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**